IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PHILLIP L. MOORE           : | |
|     Plaintiff,           : | |
|                              : | |
| v.           : | CIVIL NO. L-06-3220 |
|                              : | |
| FAIRFAX COUNTY, VIRGINIA, et al.           : | |
|     Defendants.           : | |

**MEMORANDUM**

This is a § 1983 civil rights action filed by Phillip L. Moore ("Moore") against Fairfax County, Virginia, the Chief of Police of the Fairfax County Police Department (the "Department"), and four officers of the Department. Now pending is Defendants' Motion to Dismiss. The issues have been fully briefed by the parties, and no oral argument is necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons stated herein, the Court will, by separate Order, GRANT IN PART and DENY IN PART Defendants' motion and TRANSFER the case to the United States District Court for the Eastern District of Virginia.

**I.     Background**

    **A.     Moore's Complaint**

Moore alleges the following facts in his Complaint: On December 1, 2005, Moore was shopping at Tyson's Corner Mall in Fairfax County, Virginia. He and three females drove away from the mall in Moore's vehicle. One of the females was driving.

Several Fairfax County police officers suspected Moore of shoplifting and pursued the car. The officers attempted to stop the car at the corner of Route 650 and Gallows Road in Fairfax County. According to Moore, the officers opened fired into Moore's vehicle, hitting him and the driver numerous times. Moore then moved into the driver's seat and drove the car across

the state line into Montgomery County, Maryland in an attempt to flee from the officers.  Once in Maryland, Moore was stopped by Montgomery County police officers, lost consciousness, and was transported to Washington Hospital Center in Washington, D.C.  The Fairfax County officers placed him under arrest at the hospital, and when he was released five days later, they transported him to the Fairfax County Adult Detention Center.

The Fairfax County officers charged Moore with Attempted Malicious Wounding of a Police Officer, alleging that he had attempted to run them over with his car.  Moore eventually stood trial in Fairfax County General District Court and was acquitted of the charge.

Moore's Complaint contains five counts:  Count I alleges that the defendant Fairfax County police officers violated his right to equal protection of the laws in violation of the Fifth and Fourteenth Amendments.  Count II alleges a number of constitutional violations, including

  (a)    that Fairfax County and the defendant police officers (1) violated his Fourth Amendment right to be free from an unreasonable seizure, (2) subjected him to punishment without the benefit of a trial by jury in violation of the Sixth and Eighth Amendments, and (3) deprived him of his due process rights under the Fifth Amendment;

  (b)    that the Fairfax County Police Chief failed to properly supervise and train the defendant officers; and

  (c)    that Fairfax County had a custom and practice of using unconstitutional and excessive use of force in violation of Moore's Fourth, Fifth, Sixth, and Eighth Amendment rights.

Moore alleges in Count III that the defendant police officers illegally arrested him in violation of the Fifth and Fourteenth Amendments.  Counts IV and V assert a number of pendent state law causes of action, including false imprisonment, assault, malicious prosecution, conspiracy, and negligence.

    **B.**    **Defendants' Motion**

Defendants moved to dismiss Moore's Complaint, asserting three grounds: (i) the Court lacks personal jurisdiction over Defendants, (ii) venue is improper in Maryland, and (iii) Counts IV and V fail to state a claim upon which relief can be granted.  For the reasons discussed below, the Court concludes that venue is improper in Maryland.  Accordingly, the argument that this Court lacks personal jurisdiction over Defendants is moot.  Moreover, because this case does not belong in Maryland, the Court will not consider Defendants' request to dismiss Counts IV and V.

**II.     Standard of Review**

"To survive a motion to dismiss for improper venue . . . the plaintiff need only make a prima facie showing of venue."  Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) In reviewing a motion to dismiss for improper venue, all inferences are to be drawn in plaintiff's favor.  Three M Enters., Inc. v. Texas D.A.R. Enters., Inc., 368 F. Supp. 2d 450, 454 (D. Md. 2005).

**III.    Analysis**

In his Complaint, Moore contends that venue properly lies in Maryland under 28 U.S.C. § 1391(b)(2), which provides for venue in the district in which "a substantial part of the events or omissions giving rise to the claim occurred."[1]  Defendants argue that the only event that took

---

[1] 28 U.S.C. § 1391(b) provides:
> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

3

place in Maryland was Moore's detention by Montgomery County, Maryland police officers. Because this event did not give rise to any of Moore's claims, venue does not properly lie in Maryland, they contend.

In opposing Defendants' motion,[2] Moore claims that he fled to Maryland, where he continued to bleed and to suffer extreme emotional distress, fear, and anxiety. Simply because Moore allegedly suffered physical and emotional trauma while in Maryland does not mean that the events that led to that trauma occurred in the state.

To the contrary, Moore's Complaint alleges that the events giving rise to his claims occurred in Virginia, not Maryland:

(i)   the defendant police officers attempted to effect an allegedly unlawful, warrantless arrest by stopping him at an intersection in Fairfax County,

(ii)  the defendant police officers shot him in Fairfax County,

(iii) the defendant police officers charged him in Fairfax County with Attempted Malicious Wounding of a Police Officer, and

(iv)  Moore was tried for, and acquitted of, the crime of Attempted Malicious Wounding of a Police Officer in Fairfax County General District Court.

Moreover, there is no allegation that the allegedly deficient training and supervision of the Fairfax County police officers occurred anywhere other than Fairfax County. In addition, Moore was eventually arrested by Fairfax County officers while at the hospital in Washington, D.C., not

---

Moore does not allege that any of the defendants reside in Maryland or that §§ 1391(b)(1) or (3) otherwise apply.

[2] Without leave of Court and without explanation, Moore, who has counsel, filed his opposition brief more than two weeks late. The Court, however, has considered the arguments that he raises in his brief.

in Maryland.

Moore was in Maryland for a brief time only. After crossing the border, he was detained by Montgomery County officers, who transported him to a hospital in Washington, D.C. Moore has not named the Montgomery County officers in this lawsuit, nor has he alleged any wrongdoing on their part. Accordingly, his detention by those officers is not an event giving rise to his instant claims.[3]

For these reasons, the Court finds that a "substantial part of the events or omissions giving rise to" Moore's claims did not occur in Maryland. Accordingly, venue does not properly lie in Maryland. The Court, therefore, will transfer the case to the Eastern District of Virginia, where the events giving rise to Moore's claims took place. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## IV.   Conclusion

For the foregoing reasons, the Court will, by separate Order, GRANT IN PART and DENY IN PART Defendants' motion and TRANSFER the case to the Eastern District of Virginia.

---

[3] Moore also argues that various factors weigh in favor of the Court keeping the case. For example, he states that he is a Maryland citizen and that Maryland jurors, therefore, have an interest in hearing his claims. He also argues that the courthouses in Maryland and in the Eastern District of Virginia are equally accessible to the witnesses and parties. In addition, he contends that the Court should give weight to his selection of Maryland as his forum of choice. These are factors that a Court considers when deciding whether to transfer a case from one proper venue to another under 28 U.S.C. § 1404. Maryland, however is not a proper venue. Accordingly, the § 1404 balancing test is inapplicable.

Dated this 18th day of April, 2007.

                                                                                                   _____/s/_____  
                                                                                 Benson Everett Legg  
                                                                                 Chief Judge